# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFERY. FLOYD,

    Petitioner,

v.

LOUIS FOLINO, et al,

    Respondents.

CIVIL ACTION

No. 08-5618

June 14, 2010                                                                                                          Pollak, J.

## MEMORANDUM

On November 24, 2008, petitioner Jeffery Floyd filed a petition for habeas corpus (docket no. 1) pursuant to 28 U.S.C. § 2254 seeking relief from his state-court conviction for aggravated assault.[1] On June 9, 2009, Magistrate Judge Strawbridge filed a Report and Recommendation ("R&R") (docket. no. 9) that recommends denying petitioner Jeffery Floyd's *pro se* petition. On June 21, 2009, petitioner filed objections[2] to the R&R (docket no. 11).

The relevant facts are set out in detail in the R&R and rely on the state-court findings of fact. On December 2, 2005, a jury found petitioner guilty of an aggravated

---

[1] This memorandum uses the dates that the filings were signed by petitioner, because the prisoner mailbox rule, discussed below, applies to petitioner's filings.

[2] The objections were filed on June 24, but are dated June 21, 2009, the earliest date that petitioner presumably delivered them to prison authorities.

1

assault on his ex-wife, Veronique Muse. *Commonwealth v. Floyd*, 937 A.2d 494, 496 (Pa. Super. Ct. 2007). At the start of petitioner's trial he had been represented by Sean Vincente of the Defender Association of Philadelphia. *Id.* at 496. Based on perceived inadequacies in Vincente's representation, petitioner requested that the trial court appoint new counsel, which the court declined to do. *Id.* On the second day of trial, immediately prior to voir dire, petitioner informed the court he wished to proceed *pro se*, which the court allowed following a formal colloquy. *Id.* Petitioner alleges in his petition that the ineffective assistance of his original counsel forced him to make this choice to proceed *pro se* and that his waiver of counsel was insufficient.

Petitioner represented himself at trial with Vincente serving as standby counsel. *Id*. Petitioner was convicted and sentenced to 100 to 200 months imprisonment. *Id.* In order to preserve petitioner's rights, the Defender Association filed a notice of appeal in his direct appeal. *Id.* at 497. However, petitioner decided to proceed *pro se* on direct appeal. *Id.* The Pennsylvania Superior Court rejected petitioner's claims on appeal. R&R 3. Petitioner then filed the present habeas petition. R&R 3. The R&R found that the petition was timely. R&R 5, 7. However, the R&R recommends denying the petition on the merits as the refusal to provide substitute counsel did not violate petitioner's Sixth Amendment rights. R&R 8-17. In addition, the R&R found that petitioner knowingly, voluntarily, and intelligently waived his right to counsel when he chose to proceed *pro se*. R&R 17-19.

2

Petitioner raises eight objections to Magistrate Judge Stawbridge's R&R. First, petitioner argues that the R&R erroneously concludes that he failed to include in his brief a version of the facts and that the R&R ignores the petitioner's reference to relevant Supreme Court precedent. Pet'r's Objections, at 2-5. Second, the petitioner argues that the R&R misconstrues his Sixth Amendment claim as a request for choice of appointed counsel, rather than as a claim of ineffective assistance of counsel. Pet'r's Objections, at 5-7. Third, petitioner objects to Judge Strawbridge's failure to conduct an independent examination of the facts regarding (a) his request for change of counsel and (b) Vincente's alleged failure to investigate petitioner's claim of self-defense. Pet'r's Objections, at 8-9. Fourth, petitioner argues that the R&R erroneously gives deference to the state court's legal conclusion that Vincente's failure to procure Ms. Muse's medical records was not ineffective assistance of counsel. Pet'r's Objections, at 9-12. Fifth, the petitioner objects to the R&R's finding that Vincente provided effective assistance of counsel despite not investigating Ms. Muse's failure to pay rental payments on several thousand dollars worth of appliances. Pet'r's Objections, at 12-15. Petitioner claims that Muse attacked him because he brought up her failure to return the items. *Ibid*. Sixth, petitioner objects to the R&R's failure to find that the trial court, instead of finding counsel to be adequate, actually agreed with petitioner that he was forced to trial with an ineffective attorney. Pet'r's Objections, at 15-16. Seventh, petitioner claims that the R&R ignores the fact that Vincente was unaware of case law relevant to the petitioner's

defense. Pet'r's Objections, at 16. Lastly, petitioner objects to the R&R because it does not weigh the fact that Vincente admitted petitioner's only viable defense was for the petitioner to testify. Pet'r's Objections 16.

In reviewing the decision of the state court through a *habeas corpus* petition, I am bound by the legal determinations of the state court unless they were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and I must respect the state court's factual findings unless they were " based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

As a preliminary matter, I agree with the R&R that the petition was timely, and not barred by the one-year limitation in 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on December 28, 2007 when the time for him to petition the Pennsylvania Supreme Court expired. *Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001). During this time petitioner was incarcerated at a correctional facility and thus gets the benefit of the prisoner mailbox rule. Under the prisoner mailbox rule, a habeas petition is filed as of the date when the prisoner hand delivered the petition to prison officials. *Burns v. Morton*, 134 F.3d 109, 122 (3d Cir. 1998). Because of this rule, the R&R accepts that Floyd's petition was filed on November 24, 2008, the date it appears to have been signed, and not December 1, 2008, the date of this court's receipt of the petition. R&R at 4 n.9. However, using either date the petition was timely as the petition was filed within the

4

one-year period and not, as the Commonwealth asserts, filed on February 20, 2009.

**Petitioner's First to Fifth Objections**

Petitioner's first objection–that trial counsel erred in not reviewing his version of the facts–while correct does not entitle petitioner to relief. The R&R states that the petitioner did not provide a version of the facts, and thus Judge Strawbridge relied on the Pennsylvania trial court's written opinion. Floyd's memorandum of law in support of his petition does have a brief version of the facts of his trial in the introductory section. However, petitioner's statement of the facts does not conflict in any material way with the facts as stated by Judge Strawbridge. Petitioner's objections that Judge Strawbridge ignored the cases cited by him is similarly without merit.

The objection that Judge Strawbridge improperly viewed his claim as a contention that he was denied counsel of his choice, rather than as a contention that he was denied effective assistance of counsel, also does not prevent this court from adopting the R&R. The R&R did not consider whether Vicente was ineffective. However, petitioner's argument that his trial counsel was ineffective is without merit.[3]

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*,

---

[3] It appears that petitioner may not have exhausted his claim that he was denied effective assistance of counsel, since the two issues mentioned by the Superior Court in his state-court direct appeal relate only to (a) denial of counsel of his choice and (b) issues with voir dire. *Commonwealth v. Floyd*, 937 A.2d 494, 497 (Pa. Super. Ct. 2007). However, I have discretion to address and deny an unexhausted claim on the merits. *See* 28 U.S.C. § 2254(b)(2); *Carrascosa v. McGuire*, 520 F.3d 249, 254-55 (3d Cir. 2008).

466 U.S. 668 (1984). Under *Strickland*, petitioner must show (1) that his attorney's representation "fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. In assessing petitioner's claim of ineffective assistance of counsel, this court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner argues that Vincente was ineffective for (a) failing to present pictures of the crime scene to show that defendant could not retreat, (b) failing to examine the medical records of the victim, and (c) failing to investigate the victim's allegedly renting furniture and failing to pay for or return the items.

However, facts found by the state court foreclose petitioner's argument. A habeas court must respect the factual findings of the state court unless "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Here, the state court found that, contrary to petitioner's claims, Vincente did seek out and examine Ms. Muse's medical records. Super. Ct. Op. at 12-13. The court credited Vincente's testimony that the medical records, instead of supporting petitioner's claim of self-defense, showed a history of petitioner abusing Ms. Muse. *Id.* Thus, counsel's decision not to present medical records that would likely have been damaging to petitioner's defense cannot be a basis for an ineffective assistance of counsel claim, and the state court's factual findings on this issue

6

were not demonstrably unreasonable.

The failures to present pictures of the crime scene and to present evidence of Ms. Muse's rental records also do not constitute ineffective assistance because such purported errors meet neither of the two prongs of *Strickland*'s test for ineffective assistance of counsel. Vincente testified that he believed such issues were collateral and would not aid petitioner in establishing that he acted out of self-defense after mentioning to Ms. Muse her alleged failure to honor her rental agreement. This was a reasonable tactical decision by trial counsel.

In addition, such evidence does not create a reasonable probability that, but for counsel's nonpresentation of such evidence, the result of the trial would have been different. Such evidence may serve as minor corroboration of petitioner's version of events, which petitioner testified to at trial. However, it does not contradict the alternative version of events, that the petitioner attacked Ms. Muse without provocation, to which both Ms. Muse and her daughter testified. The jury credited their testimony over petitioner's and I perceive no likelihood that the collateral evidence petitioner sought would have created a reasonable probability that the jury would have believed his version of events.

As I reject petitioner's claim of ineffective assistance of counsel, petitioner is not entitled to habeas relief on that ground. Petitioner's third, fourth, and fifth objections dispute whether Judge Strawbridge should have given deference to the factual and legal

7

findings of the state court regarding the effectiveness of counsel. These objections must fail as the state court's factual findings are entitled to deference. As discussed above, these factual findings render meritless petitioner's argument that he was denied effective assistance of counsel.

Petitioner's first through fifth objections to the R&R are aspects of petitioner's claim of ineffective assistance of counsel. Since that claim is without merit, petitioner's first through fifth objection fail.

**Petitioner's Sixth Objection**

Petitioner next argues that the R&R fails to recognize that the trial judge agreed with petitioner that his counsel was ineffective. Petitioner's argument misconstrues what the trial court was attempting to tell him during the exchange. The court was stating that petitioner's initial decision to proceed with counsel he lacked confidence in, rather than to proceed *pro se*, was "a wise thing." The transcript of the exchange states:

> **THE DEFENDANT:** Well I'm going to go with counsel because I don't want to so-called have my rights taken away from me on appeal, but I would just like to state on the record that I'm being forced with counsel that has demonstrated to me that he's not trying to protect my right to a fair trial, due process of law. He has not done any investigation. He is not armed with any information that will prove my defense of self defense and I'm taking counsel because I don't want to waive my rights, but I'm being forced to.
> **THE COURT**: Which I think is a wise thing and you've made a record. I think that's a wise thing. I can't advise you on what to do.

N.T. November 28, 2005, at 39:13-40:5. Thus, petitioner's sixth objection is without merit.

**Petitioner's Seventh Objection**

Petitioner's seventh objection is that Judge Strawbridge did not recognize that Vincente showed himself to be unaware of the law applicable to petitioner's case. However, once again the transcript does not support the reading that petitioner gives it. Instead, the transcript shows that trial counsel was unwilling to present photographs of the crime scene and evidence of the defaulted rental agreement. NT November 28, 2005, at 28:7-29:19.[4] As discussed above, such failures were not ineffective assistance of counsel and thus do not entitle petitioner to habeas relief.

**Petitioner's Eighth Objection**

Petitioner's eighth and final objection is that the R&R fails to recognize that the trial court ignored the fact that Vincente admitted that petitioner's only defense was testifying on his own behalf.[5] Vincente's acknowledgment that this was a "self-defense case" with respect to which Floyd could give his testimony did not constitute error of any

---

[4] Vincente elaborated to the trial judge on his investigation stating:
Mr. Floyd mentioned prior incidents so we did try to find those hospital records to substantiate any prior incidents of violence against him. Unfortunately what came back were [sic] some stuff from 1998 with respect to Mr. Floyd committing violence against the alleged victim in this matter.
    The other issues have to do with receipts, very collateral issues of impeachment that cannot be substantiated. For example, it's Mr. Floyd's belief that the complaining witness in this case went to Rent-A-Center, got some stereo equipment and then sold it for crack cocaine. We think that's not worth going into, that it's collateral . . ..
NT November 28, 2005, at 28:7-29:2.

[5] Vincente stated to the trial judge: "This case is really a self defense case. Mr. Floyd understand[s] the fact that he can testify. He can even testify to past conduct. He's going to testify in this case. I've explained to him all the elements of self defense." NT November 28, 2005, at 29:14-19.

9

kind, let alone constitutional error. Vincente was prepared to present a defense of self-defense; he only disagreed with Floyd as to the effectiveness of investigating and presenting matters collateral to that defense.

**Report and Recommendation**

I adopt the R&R and agree that the petition must be denied. Petitioner's constitutional rights were not violated by the trial court's refusal to appoint new counsel or by the trial court's allowing petitioner to proceed *pro se*. The R&R correctly notes that the Supreme Court has held that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzales-Lopez*, 548 U.S. 140, 151 (2006). The R&R correctly concludes that this was not the sort of case in which, as the Third Circuit has ruled, the appointment of new counsel may be mandated–an instance of "conflict of interest, a complete breakdown in communication, or an irreconcilable conflict." *United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982). Floyd's counsel at trial merely disagreed with Floyd about matters collateral to his claim of self-defense. Thus, the trial court's refusal to appoint new counsel and the Superior Court's affirmance of this decision were not contrary to or an unreasonable application of clearly established law as determined by the Supreme Court.

The trial court's acceptance of petitioner's waiver of the right to counsel also was not contrary to or an unreasonable application of Supreme Court precedent. The trial court complied with the directives of *Faretta v. California*, 422 U.S. 806 (1975), and

ensured that petitioner's waiver was done voluntarily, knowingly, and intelligently after informing petitioner of the dangers and disadvantages inherent in defending oneself. *Id.* at 835.

For the foregoing reasons, Judge Strawbridge's R&R is approved and the petition of the issuance of a writ of habeas corpus is denied. An appropriate order accompanies this memorandum.